May it please the Court, my name is Gerard Harper of Paul Weiss Rifting Wharton Garrison and I have the privilege to advocate on behalf of Plaintiff Appellants Bagdasarian Productions and Janice Carmen. If my, with the Court's permission, and if my mouth-eye coordination works, I'd like to reserve five minutes of my time for reply. I respectfully submit that a federal court may not abdicate its exclusive jurisdiction to adjudicate a federal copyright law claim by reassigning its Article III powers to adjudicate that claim to a privately selected referee who operates within the context of a state ADR system that is designed and solely intended for controversies filed in the state courts of California. That claim can still be disposed of in the appellate system even if we dismiss for lack of jurisdiction, correct? That... What you've just described, the merits of what you've just described. The... I do not believe that the claims may be heard properly either by this Court, certainly not. And that... No, your point that this referee thing is unfair to your client, antiquated, etc. And that the district court, by referring it to a referee, abdicated its responsibility. That can all be heard on the merits, even if we can conclude that we're not dealing with a final order here, right? No, your Honor. I think that if you go beneath 1291, the purpose of 1291 is to safeguard against piecemeal appeals. And if you take the ruling below, that it's worth, to deny appellate jurisdiction over this appeal will do nothing to further the interest. The district court made clear that its intention is to comply with the requirements of Section 638. In note 2 on page 3 of its decision, excerpts of the record of 10, the court explained that under Section 638, the referee's statement of decision is entered by the trial court as a judgment. Did you ask the district court to certify this issue? No, your Honor, we did not. Then how is it a final order? Because it places my clients effectively out of court and does nothing to serve the interests of Section 1291. There is nothing in this record to indicate that the district court intends to do anything other than to enter the referee's statement of decision as a federal court judgment. So on the inevitable appeal from that judgment, this court will again be faced with the issues we now present. And if this court follows its ruling in Johnson v. Wells Fargo of last year, the court will reverse and remand with instructions for the district court to exercise its Article III powers and to adjudicate the claims before it. So we will do nothing to cut back on piecemeal appeals. Here's what this court said in Wells Fargo. We note that some courts have instituted procedures that allow parties to select and compensate a private individual at the trial court level, that is, an arbitrator whose rulings are directly reviewed by the appellate courts as if they were decisions of trial courts. The first thing cited there was Section 638. My adversary says it's a mistake, but this court cited it first. The court then continued, as Wells Fargo acknowledges, its argument that this court of appeals should review the arbitrator's award in the first instance and on the same standards as it would review a bench trial amounts to asking this court to sanction such a practice in the federal system. Our holding today makes clear that we will not permit a privately selected arbitrator to act as a private judge whose rulings are directly reviewed by this court, and this is so even if the parties stipulate to such a role for the arbitrator. So when Your Honor asks, well, can't you go through this exercise and then come back up here, and we take the district court judge's word that she will do as she intends, and as Section 638 directs, to enter the statement of decision as the judgment of the court, and to enter that judgment, then we'll be right back up here, and the application of Wells Fargo would require a reversal and a remand of that decision to start all over again. Mr. Harper. Yes. Suppose the referee makes a report that becomes a statement of decision under California 632, and you don't like it, and the judge is about to enter it as a judgment. Is there anything that stops you from seeking a new trial under Rule 59 or a judgment as a matter of law? Well, I answer that question in two ways. First, in the jurisdictional case. Can you answer yes before you tell me no? Pardon me? Can you answer yes or no before you tell me what and why? No. I do not believe that I can make a motion for a new trial to the district judge. Why? Because of. . . You certainly could if you were in the state court. I know. I could make a judgment. But in the state court, Judge Baya, in the state court, the state authorities say that the motion for the new trial has to go back to the referee, and that's the case of, you know, my adversary cites a number of different cases, none of which hold what is, how they are described. But in the case of Clark v. Rancho, Santa Fe, 216 California App 3D at 606, the California appellate court directly addressed that issue, and it's the most extensive treatment of the issue, and it squarely addressed where a motion for a new trial must go in a Section 638 reference. And the court of appeals held that it must go to the referee. Now, I am met in citations with two cases that my adversary says say otherwise. One is the Kojima case at Defendant's Brief 20, where the sole question was whether the referee had to take the oath required for temporary judges under Rule 244 and Article 4 of the California Constitution. The court says that a general reference preserves the court's power regarding new motions and other post-trial motions, but the court didn't do so. Didn't your client agree to this procedure? I beg your pardon? Didn't your client agree to this procedure? No, Your Honor. My client agreed to a procedure whereby actions that are appropriately State court actions that arise out of a State contract, a contract governed by State law, would go through a Section 638 procedure. And I readily concede that a Federal court may enforce a form selection clause that contains a Section 638 reference. The proper way to do that is to dismiss the case under the form selection clause for improper venue under Federal rule of civil procedure 12b3. And when this court has been confronted with dismissals of form selection clauses on grounds other than 12b3, this court has not hesitated to recharacterize them as motions to dismiss under 12b3, which are, of course, if the judge below had dismissed the entire case, would have made it immediately appealable to this court under this court's decision in Murphy. But let me go to the second part of your question, Judge Bergeson, because there is nothing that would allow me as a private citizen to enter into an agreement whereby I can vest a State court with jurisdiction over a Copyright Act claim. I cannot do it. Article 1, Section 8 of the United States Constitution gives Congress the exclusive power to regulate copyrights. Section 1338 of the Judicial Code says that no State court shall have jurisdiction over any claim relating to patents, plant varieties, and copyrights. So I could not agree. I could not vest a State court with jurisdiction over this claim. And I also... Why do you say the State court is being vested with jurisdiction over this claim under this agreement? I'm saying that... You're saying that the provisions of Section 638, which talk about appointing and, quote, the court, mean that only a superior court judge can make those rules? That's exactly what I'm saying. I am saying that under the California, the rules of civil procedure adopted in 19... But that's a contract interpretation issue. I don't think that's... This Court could read your contract to say that you've adopted a Section 638 procedure or scenario where the court, as used in 638, means the district court, not the superior court. I don't believe that private parties can enable a federal... Could private parties have said so? Could they have said, when we use the words the court in 638, we mean the federal district court? No, Your Honor. I do not believe... Why? Because I do not believe... They could certainly allow arbitration. Of course. There are certain contexts... Because the Federal Arbitration Act allows arbitration, but the parties are incapable of contracting for a similar procedure? Absolutely, Your Honor. And let me explain. Because an Article III judge has certain circumstances where the Article III judge is empowered not to exercise their power. All of them stem from acts of Congress or well-established judicial doctrines. Under the Federal Arbitration Act, a court may forbear and compel parties to arbitrate because they have agreed to do so. And the Federal Arbitration Act, Congress has enacted standards by which it has to govern that. The Bankruptcy Code permits it. Rule 53 and Rule 73 of the Federal Rules of Civil Procedure permit it. And abstention doctrines such as Pullman and Younger and the like permit it. But there is no federal doctrine and no federal statute that allows private parties to agree that an Article III judge can abdicate Article III power to a referee that appears in the California Code of Civil Procedure, which by definition and by Rule 4 of that code governs only the courts of California. But the Civil Procedure, the Federal Rules of Civil Procedure doesn't say it governs the state courts of Nevada and Oregon. The Civil Procedure Rules of California doesn't say it doesn't govern New York. It wouldn't occur to anybody to think otherwise. I have two and a half minutes left, and I'd like to save it for reply unless Your Honors would prefer to question me further on it. Good morning, and thank you for the cookies, and may it please the Court. My name is Lou Karasik. I'm with Alston & Bird. I have the privilege to represent 20th Century Fox. There are two primary questions before the panel today.  One is the question of jurisdiction, which is whether Judge Wynn's order enforcing the reference is a final order that is appealable at this time in the case. And the second I would characterize as the merits issue, whether there is any reason the federal court should no longer have the power to enforce the party's consensual agreement. Would you mind speaking up? Yes. Yes, please, thank you. Do you not hear me? I had my hearing tested at UCLA, and I said I was okay. Well, my wife disputes that. But I've got everything turned up. Are these working? I'm sorry. I will probably be a little louder. Can you hear me now? Okay. So two questions. Jurisdiction, do we have a final order? And merits question, should 638 be enforceable? I want to answer Judge Hawkins' questions first on the jurisdictional issue. Every single argument that is raised in this appeal now by the appellants challenging the enforceability of the 638 reference will be before the court when you have a final order. Absolutely everything that they're complaining about is available to them to complain about, if it's been preserved in the trial court, when you have a final order. But he's right, isn't he, that one of the exceptions to collateral order review or the reluctance of appellate courts to do that is someone who's effectively been thrown out of court. And I think that's his argument, that he's thrown him out of court. He's right about the rule. He's wrong about its application. The out-of-court doctrine only applies in the limited situation where appeal needs to be necessary, needs to be allowed now, because otherwise the controversy will be mooted. If you don't allow the appeal now, the argument goes, in the out-of-court doctrine cases, then by the time the appellant comes back to the court, the controversy has already been resolved. So, for example, the case upon which they rely, the lead case in the area, is Moses Cohen, a Supreme Court case, where the issue was arbitrability of a dispute, and the federal court had stayed the federal court action in favor of a state court action and told the parties, go resolve the arbitrability dispute in the state court. The Supreme Court adopted the principle that you have to permit appeal of that order, because if the matter goes forward in the state court, it will become final. The very issue the parties are seeking to litigate in the federal court will be res judicata as a result of a final decision of the state court. In that circumstance, you're out of court. The controversy would be mooted unless the appeal is permitted. If the district court had refused to enforce the reference provision of the agreement, would that be appealable? I don't know. I have to think about that. I'm not sure. I think your answer would be yes. I'm not sure anybody would be out of court as a result of a ruling. Well, change it to let's assume for hypothetical purposes an arbitration clause. A refusal to grant arbitration would clearly be appealable. I agree with you. And isn't one of the general notions of your argument that this reference clause is like an arbitration clause? Yes. And in that regard, we point out that an order enforcing an arbitration agreement is not appealable. Why should an order enforcing a 638 be appealable? That's why I was a little surprised by your answer to my question. I just haven't thought about it for sure. I don't want to overstate. But certainly it's true that with respect to enforcement, the rule is not appealability. And in our view, the disposition of the appeal turns both on the merits and on jurisdiction on one simple point, which is the trial court has to conduct post-trial review. And Mr. Harper is quite wrong to say that when the dispute comes back before the court upon a final order, that it will be in the same procedural posture that it is today. Well, if I understood Mr. Harper accurately, it was under 638 motions for a new trial based on statement of decision by the referee or a motion for judgment notwithstanding the verdict or to set aside the verdict against the law or the judgment against the law would come before the referee himself. And so there would be no judicial intervention in post-decision matters. Yes. How do you answer that? With all respect to Mr. Harper, the rule in California under 638 reference, since the Supreme Court cases back in the 1800s and all the way through the year 2000 with the Kojima case, has always been that the court, not the referee, retains the power to hear the motions for new trial. Now, continuing with the argument of your learned opponent, the court is the superior court. What in the agreement says that the word court, as used in 638, will also apply to federal district court? So what the parties agreed to in the contract was they consented to state or federal jurisdiction with the proviso that all disputes arising out of the agreement would be heard in accordance with the 638 reference. There is nothing in the statute, just like there's nothing in the California Arbitration Act, to suggest that the only court that can enforce a 638 reference is a state court. The statute doesn't say that, and nor does any decisional authority say that. The closest case on point is the housing group case, the California case, which holds that the court that can enforce the 638 reference is the court that has jurisdiction of the parties in the controversy. And I would say to Your Honor that if we adopted the rule that Mr. Harper is articulating, you would have a very, very odd situation where the parties could agree to a 638 reference for, let's say, state claims. They could file a lawsuit in state court to seek to enforce their reference. But if one party removed on the basis of diversity jurisdiction, under Mr. Harper's analysis, the 638 reference would disappear because now you're in front of the federal court, and he would argue that a federal court doesn't have power to enforce a 638 reference. Kennedy. Can you split the cause of actions? The state cause of action would remain under 638 in the state court, and the federal cause of action would be before the federal court? Well, you would have, at a minimum, you would have divided litigation if there was a federal claim. What if there was no federal claim? If there was no federal claim under Mr. Harper's argument, reference becomes a null and void at the courthouse steps of the federal court. That makes no sense. The rule is that the court with jurisdiction over the controversy, in this case, a copyright claim, properly before the federal court for jurisdictional purposes, has the power to enforce the reference agreement as to all of the claims. And in this respect, we find the situation before the court on the merits no different than a California Arbitration Act case. So you have the California Arbitration Act is in Section 1280 of the CCP. The reference provision is in 638 of the CCP. They're separated by a few pages. They both provide for a private agreement, a consensual agreement, to have your disputes resolved in a form of alternative dispute resolution. But we have to find, do we not, that the parties stated in their agreement that a reference under Section 638, which itself refers to court and appointment, meaning superior court or California court, that we have to find that the parties in this contract meant the word the court to include the federal district court? You know, Judge Bea, I'm not sure I agree with that. I don't believe the parties had to agree as to the definition of the word court in the 638 statute. I think the court, alternatively, what the court can find and should find is that the statute itself, the 638 statute, when it says that a 638 reference will be granted upon the motion of court, is equally enforceable in the state court or in the federal court, if the federal court has jurisdiction. That would make certain provisions of 638 totally bizarre. For instance, 638C says that in a manner in which a referee is appointed pursuant to the section, a copy of the order shall be forwarded to the office of the presiding judge. That means the presiding judge of the superior court in which the action is pending. If a federal court were ordering a reference, would you say that the reference, the referee had to send a copy of his report and how much he was paid, et cetera, et cetera, to a presiding judge or maybe to the chief judge of the circuit? Who would send it to him? There's two answers to that. The first is that the language that the court is citing was rendered inoperative by the language of the statute in January of 2004. So we don't have to worry about that. It's not in the statute. It literally doesn't exist. Even if it did, I would argue that that sort of peripheral procedural, you know, aspect of the rule could be ignored by the federal court in favor of the substantive right, which is a form of alternative dispute resolution that is granted by California to resolve your disputes with retired judges and a referee. What about Mr. Harper's point that there's no federal act similar to the Federal Arbitration Act which allows for the federal judiciary to delegate its decision-making power to a referee under state law as there is under the Arbitration Act? I would answer Mr. Harper that there are at least three strong federal policies that support enforcement of a 638 reference. Let's put the FAA aside for a second. In the district courts, in the federal courts, it has always been the policy and the power of the court to enforce agreements, consensual agreements, between the parties. What Judge Winn did is give the parties exactly what they bargained for, exactly what they agreed to with the contract. So the first federal policy that I would look to is the power that has always existed in the district court to enforce parties' agreements in accordance with their terms. The second is the power to enforce form selection clauses. Since at least the Supreme Court decision in Bremen, it has been the policy and the power of the federal courts to enforce privately agreed form selection clauses, which is what Fox did in this case. We enforced the 638 reference as a form selection clause. And third is the policy in favor of alternative dispute resolution. And even if this is not an arbitration, the policy for alternative dispute resolution in the federal courts is very broad, both under the FAA and under the ADA. So I would say that the federal court has always had the power. The question is, is there some federal policy which precludes enforcement of alternative dispute resolution under 638 reference proceeding? My question. Do I hear you to argue that if we were to dismiss for lack of jurisdiction, lack of a final order, and it goes back to the district court, and the reference is enforced and it goes to a referee, and the other side doesn't like, the Magisarians don't like the result. I hear you to say that a Rule 59 motion in district court would be appropriate. Exactly right. And do you concede that for the purpose of this litigation? I do. As well as a motion for a JAML motion? Yes. But we're in federal court. The rules of civil procedure should apply. I don't often ask lawyers when they're standing up arguing to concede something for the purpose of litigation. So if you have any hesitation, tell us now. I don't. We have said in our papers that there were disputes that have been raised about the post-trial procedures. That issue hasn't been briefed yet. Judge Wynn hasn't had an opportunity to consider it. The proper thing is to let the trial court develop it. But I have no hesitation to say we're in federal court, and the rules of civil procedure, Rule 59, should apply. The one case that they rely upon for the proposition that a referee would hear the post-trial motion is a very, very different situation where the parties in that case stipulated that a referee would make a final and binding decision. And the state court gave them what they asked for. I don't know whether there would be jurisdiction to appeal that kind of a result, but the state court in the Clark case gave the parties what they asked for, a final and binding decision. The parties here stipulated for 638 reference. They didn't stipulate for a final and binding decision. And under 638, an aggrieved party has the right to bring a motion for new trial that is heard by the trial court. We would say that would be a Rule 59 motion. That's what Judge Wynn shall hear. And what's the standard of review? For Rule 59? In that situation. Well, under Rule 59, you would look at the standard of review for cases decided by the court without a jury. I would say the trial court would look at the decision for clear error, manifest error of fact, manifest errors of law, irregularities in the proceedings, the discovery of new evidence. Manifest errors of law. Wouldn't we be looking at de novo as to any legal? This court. Yes. This court would be looking de novo for sure on errors of law. Right. I was focusing on the trial court standard of review. Because, for instance, if we found that the interpretation by Judge Wynn was legally erroneous as to the scope of the arbitration, the reference agreement, that we would look at that de novo. Absolutely. Absolutely correct. And with the district court, the district court then could determine this question of federal jurisdiction. That's right. That's right. If every, as I said, every argument that's being raised today can be heard on a motion for new trial and then can be before the court on a final order where you have a record, where you have a result from the reference, where the trial court has considered the question of the standard of review, all of those things. None of those things have happened because they're asking the court to hear it at a very preliminary stage. And as much as Fox would like to have an order from this court enforcing 638 reference in the federal court, for all the reasons that I've articulated, it's consistent with all of the powers and policies of the federal court. We believe the correct result is to dismiss the appeal. Dismiss the appeal for lack of jurisdiction, to send it back down to complete the reference, and to let the trial court hear motions for new trial if anybody has decided to do so. Just out of curiosity, Mr. Carr, you may know, you may not know, but there's a procedure, I think it's Rule 53, to allow a master to be appointed. Why did you use a 638 procedure rather than a Rule 53 procedure? Well, Rule 53 is a rule that applies. It states the powers of the district court when it can and when it can't appoint a master. Admittedly, the first part of Rule 53 is consensual. Masters can be appointed. But in our judgment, Rule 638, this was a pre-suit agreement that said the district court is not going to decide anything in the first instance. The parties have agreed not to be before the district court in the first instance. We're going to have it decided by referees, and then we'll be back to the district court for the post-trial proceedings. So in our judgment, Rule 53 was not, you know, not the right rule. We had agreed in advance not to be asking the court to exercise Rule 53 powers. But as it turns out, you've got to ask a court to enforce Civil Code Procedure 638. We did, as a form of selection. So having said that, well, you know, Rule 53, and if I can just take a minute to respond to that, Rule 53 is one of the issues that the appellants did not raise in the trial court. It's raised for the first time on appeal. It's another area where if there's any question about how Rule 53 works, we ought to let Judge Winn, unless he's here, figure that out. It could be possible to enforce the 638 reference consistent with Rule 53. I think that was sort of behind your question, Judge Bea. Rule 53 permits consensual reference of the parties, and if Rule 53 needs to apply, there's no reason it couldn't be applied to enforce the 638 reference. That issue we don't think is before the panel today. Again, it wasn't raised in the trial court, but I think that's a possibility. If there are no more questions, then I will sit down. This court will be bound by the fact-finding of the referee, unless you can show that the findings were clearly erroneous. I believe so. I believe so. Clear error manifests. Clear error, whatever. I believe that's the standard. And in that regard, I would note, if I may finish to respond to your comment, Judge Ferguson, it's such a broader standard that is available in arbitration. If this were an arbitration, the arbitrator could have no facts to support the result, and he could have no law to support the result. But the parties here agree to a much more robust process where there must be evidence to support the result, and the law must be decided correctly. And if not, it will be reversed de novo when it gets back to this panel. That kind of procedure, we believe, is fully consistent with all of the policies of the Federal Court. Why should that not exist in the Federal Court? Why should the parties not be permitted to have that kind of very robust alternative dispute resolution in the Federal Court? We don't think there's any reason why they should not. Well, your opponent has cited two reasons, one the Constitution of the United States and another a statute of the United States. Well, if I may, the Constitution has never precluded consensual resolution of disputes in alternative dispute resolution. If they're talking about Rule 53, which is my understanding of their argument, the one they never raised in the trial court, Rule 53 has never been interpreted to be a constitutional impediment to alternative dispute resolution. It does not preclude enforcement under the California Arbitration Act, for example, as in Johnson v. Groma, where the Federal Court enforces a party's agreement under the CAA. So we would disagree entirely with that proposition. Thank you, Your Honor. Thank you very much. Your Honors, thank you very quickly. First of all, the head of the opinion below says, Order Grand Defendant's motion to order all disputes referenced under the California Code of Civil Procedure, Section 638, and to stay this action. Now, this Court has repeatedly, in Intel, in Lockyer, in Dependable, the Supreme Court and I a while have said that a stay is appealable if it leaves me effectively out of court. No one has ever, it has never occurred to anyone to say that, oh, there might be a motion for a new trial. In fact, each Lockyer, Dependable, and this Court are emphatic that the mere possibility that there could be some further proceedings in the Federal Court is not enough, that you are effectively out of court. And my colleague and friend is incorrect that all of these cases depend upon the pendency of some State court proceeding that could moot the Federal proceeding. This Court directly addressed that issue in Blue Cross and Blue Shield 490F3D at 723 at our reply brief 11, and the Court squarely decided that in the face of a stay, of a copyright law action in favor of pending State court actions, that appellate jurisdiction exists over a stay notwithstanding dependency of any other action. And in doing so, the Court said that it was joining the majority of circuits listing the 5th, the 11th, the Federal, the 1st, and the 2nd in saying yes. In Intel, I'm sorry, there were no pending State court actions in Blue Cross. I misspoke there. There were in Intel, where it was a copyright action. And there, at page 913, footnote 7, the Court noted a long line of cases in the 9th where the Court has no discretion, none whatsoever, to stay a Federal copyright action in favor of a State proceeding. That's Mnuchin, that's Intel, and a long string of citations at 913 in footnote 7. No discretion to stay a Federal copyright action. And it took one sentence in Intel, one sentence in Lockyer, to hold that this Court had appellate jurisdiction over a stay that effectively threw the party out of court in doing so. I'm sorry, Mr. Schneider.   The question, Mr. Schneider, is how would you readdraft that paragraph that talks about a nonjury reference to avoid this problem that you're faced with? I truly believe that if the only actions here was... Just so you believe. No, I submit. Truly. Right. I would rewrite it to make it clear, I think it is clear, that a reference to Section 638 of the California Civil Code of Procedure means cases over which the state courts of means courts and actions that are pending or brought in the state courts of California. And, Your Honor, I cannot bring a copyright action in the state courts of California. I may not bring this case there. And for a federal district judge under Article III of the Constitution to assign, without any federal statute, without any federal rule, without any doctrine, to give power over to a state court referee under the California Rules of Civil Procedure and say that I agree your statement of decision shall be entered as a judgment in my court is to me an extraordinary thing that has happened only three times in the history of American jurisprudence. Once in this case, the other in Qualis involving the same contract in a decision that cited no authority, and then most recently... Which we affirmed. No, Your Honor, you did not affirm. That is a mistake, Your Honor. The district court got it wrong and the appellees don't disagree. What happened is the judge more denied a motion for preliminary injunction. And the opinion that's cited in the opinion below is an opinion upholding her denial of the preliminary injunction. There is... Again, the defendant doesn't argue that Qualis's district court was affirmed by this court. The judge cited an incorrect decision. It was a decision and it's available. It's readable. All it does is, and if you see the dates, it couldn't possibly happen like so quickly anyway. What happened was the judge more had denied a preliminary injunction that the plaintiff had made in aid of the section 638 reference. And the judge denied it. It came up on an emergency appeal to the Ninth Circuit, and the Ninth Circuit, in an opinion, held that Judge Moore had not abused her discretion in denying that injunction. Judge, you're talking about Judge Florence Marie Cooper. Pardon me? You're talking about Judge Cooper, aren't you? In Quarles. I beg your pardon, Your Honor, yes. The author of the Qualis opinion. I apologize. She denied a preliminary injunction. Yes, sir. There was an appeal from that. Yes. The Ninth Circuit Court of Appeal affirmed her denial of preliminary injunction. Yes. But not, and then subsequently, she wrote the opinion on the 638 reference. From that ruling, no appeal was taken. And the defendant has never argued otherwise. And most recently, and ominously, in September of 2011, a northern district of California judge in a case called County of Marin has cited Bagsarian to do the same thing. So this court should know that there are, right now, state court privately hired, privately paid referees filing reports and resolving disputes and claims with federal district judges who are entering, and I don't know how, under the Constitution, under the judicial code, and under the federal rules of civil procedure, a federal judge can abdicate that power. I've taken up more of your time. I think it says stop. Thank you very much. I urge this court to take jurisdiction, to reverse and remand, and let us go about the business of litigating the real issues in this case. Thank you, Your Honor. It's for you. Thank you. OK. Thank you. And in the remaining case, Panoram versus Astro, that's also submitted on the briefs. And with that, we'll recess until 9 a.m. tomorrow morning. Thank you. Thank you very much.
judges: Pregerson, Hawkins, Bea